Individual Towel & Cabinet Service Co., 1547; The Western Union Telegraph Company, 1556; Illinois Bell Telephone Company, 1558; Burr Vack Company, 1564, Claimants, *vs.* State of Illinois, Respondent.

*Opinion filed June 18, 1930.*

Jos. M. Collner, Secy., Individual Towel & Cabinet Service Co.; Robert Whitelaw, The Western Union Telegraph Company; Ben B. Boynton, Illinois Bell Telephone Company; Frank H. Repetto, Burr Vack Company, for claimants.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

As these claims are all for services and supplies alleged to have been furnished to the State Athletic Commission and not paid for because the appropriation for the expenses of the commission had been exhausted, we have consolidated them for decision.

The claim of the Illinois Bell Telephone Company is for $284.72 for telephone services rendered the commission prior

to June 26, 1929; the claim of the Western Union Telegraph Company is for $28.89 for telegraph services rendered the commission for the months of May and June, 1929; the claim of the Burr Vack Company is for $50.00 for supplies furnished the commission during the months of April and May, 1929; and the claim of the Individual Towel and Cabinet Service Company is for $7.70 for towels furnished the commission during the months of May and June, 1929.

No evidence has been offered by claimants in support of their claims. There are copies of letters written the Attorney General by the secretary of the commission in which he states the bills of claimants are correct and were not paid because the appropriation had been exhausted. This does not take the place of evidence. No officer or agent of the State can admit away the rights and interests of the State, and especially is this true where the officer or agent attempting to do so is the officer or agent for whom the services were rendered or the materials furnished by claimant. To recognize such practice might lead to grave injustice, and is contrary to public policy. (*Lewson* v. *State,* 5 Ct. Cl. 80.)

Section 18 of article 4 of the Constitution requires the General Assembly to provide for all the appropriations necessary for the ordinary and contingent expenses of the government. Under this provision of the constitution the General Assembly determines what is a reasonable and proper amount to be expended by each department of the State government for the ensuing two years and makes such appropriation as it deems proper for each department to expend within that period. In the act providing for the ordinary and contingent expenses of certain departments of the State government, approved June 30th, 1927, the General Assembly appropriated to the State Athletic Commission the sum of $120,700.00, of which $15,000.00 was for office expenses, (Session Laws of 1927, p. 172), and the commission had no right of authority to incur any expenses beyond the amount appropriated to it for that purpose. Section 30 of the act in relation to State finance provides that no officer, institution, department, board of commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in any amount in excess of the amount of money appropriated. And section 208 of division 1 of the Criminal

Code provides that every person holding any public office (whether State, county or municipal), trust or employment who shall be guilty of contracting directly or indirectly, for the expenditure of a greater sum or amount of money than may have been, at the time of making the contracts, appropriated or set apart by law or authorized by law to be contracted for or expended upon the subject matter of the contracts, shall be fined not exceeding $10,000.00, and may be removed from his office, trust or employment. These provisions of the law are clear, and under them the commission had no power to contract the debts for which claimants are asking awards. (*Fergus* v. *Brady,* 277 Ill. 272; *Whittemore* v. *The People,* 227 Ill. 453.) · It is true the claims are for small amounts, but that is of no consequence. If a department of the State government can contract for $50.00 worth of supplies in excess of the sum appropriated to it for supplies it can contract for any amount it may see fit. To tolerate such practice not only ignores the plain provisions of the law but opens the way for all State officers, departments, boards and commissions to disregard the will of the General Assembly with reference to the amount of money they can expend and substitute their own in its place. (*Lewson* v. *State, supra.*)

The State Athletic Commission being without power or authority to contract for the services and supplies furnished it by claimants after the appropriation for its expenses had been exhausted the contracts are void and no awards can be made for their payment. The claims are, therefore, denied and the cases dismissed.